## U.S. Bankruptcy Court
## Middle District of Florida

In re:

LINDSAY MONICA NAVIN
Debtor

Bankruptcy Case No. 3:10-bk-00788-JAF

Adversary Proceeding No. 3:10-ap-00107-JAF

GORDON P. JONES AS TRUSTEE
Plaintiff
v.
LINDSAY MONICA NAVIN
Defendant

### SUMMONS IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| Address of Clerk |
|---|
| Clerk, U.S. Bankruptcy Court<br>Middle District of Florida<br>300 North Hogan Street Suite 3-350<br>Jacksonville, FL 32202 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Gordon P. Jones<br>P.O. Box 600459<br>Jacksonville, FL 32260-0459 |

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



Date Issued: 03/11/2010

*Lee Ann Bennett*
Clerk, U.S. Bankruptcy Court

\*\*\* **Important Notice** \*\*\*
Click here to receive the second page of the summons (certificate of service).
**This certificate must be filed with the court after service has been made on the parties.**

CSD 3007

## CERTIFICATE OF SERVICE

I, **Nancy Crews**, certify that I am, and at all times during the service of process was, not less
        (name)
than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that service of this summons and a copy of the complaint and the Order as to Preparation, Service and Return of Process and Establishing Motion Hearing Procedures dated **March 12, 2010** was made **March 12, 2010** by
                                                                                                                                                 (Date)

[X] Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

**At the defendant's address as indicated on the Voluntary Petition as her usual place of abode,**

LINDSAY MONICA NAVIN
1135 EAGLE POINT DRIVE
ST. AUGUSTINE, FL 32092

**and at the attorney of record's usual place of business,**

JOANNE M FAKHRE
JOANNE M. FAKHRE, P.A.
P.O. BOX 551469
JACKSONVILLE, FL 32255-1469

[ ] Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

[ ] Residence Service: By leaving the process with the following adult at:

[ ] Publication: The defendant was served as follows: [Describe briefly]

[ ] State Law: The defendant was served pursuant to the laws of the State of _____, as follows:
                                                                                                                    (Name of State)

Under penalty of perjury, I declare that the foregoing is true and correct.

March 12, 2010                                                          Nancy Crews
    Date                                                                       Signature

| Print Name: | GORDON P. JONES |
|---|---|
| Business Address: | Post Office Box 600459 |
| City, State, Zip: | Jacksonville, FL 32260-0459 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    CASE NO.: 10-00788-3F7
                                                          ADV. NO.:
LINDSAY MONICA NAVIN

_____Debtor./

GORDON P. JONES, AS TRUSTEE OF
THE ESTATE OF LINDSAY MONICA NAVIN

                    Plaintiff,
vs.

LINDSAY MONICA NAVIN

_____Defendant./

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

The Plaintiff, Gordon P. Jones, as Trustee, sues the Defendant, LINDSAY MONICA NAVIN, Debtor, and says:

1. The Plaintiff is the duly qualified and acting Trustee of the above Debtor's estate and property, having been so appointed on February 4, 2010.

2. The Defendant is the Debtor and has designated her address for purpose of this proceeding as 1135 Eagle Point Drive, St. Augustine, FL 32092. Plaintiff perfects service on the Defendant pursuant to the provisions of Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure.

3. The Court has jurisdiction over the subject matter of this proceeding pursuant to the provisions of the Bankruptcy Amendments and Federal Judgeship Act of 1984; pursuant to the provisions of Section 1334(a) of Title 28, United States Code, as amended; and pursuant to the provisions of Section 157(b)(2)(N) Chapter 6, Title 28, United States Code.

4. As Trustee of the debtor's estate, Plaintiff was charged with the responsibilities and duties set forth in 11 U.S.C., §704, including:

    a. collecting and reducing to money the property of the estate, and closing the estate as expeditiously as is compatible with the best interest of parties in interest;

    b. investigate the financial affairs of the debtor; and

    c. if advisable, object to the discharge of the debtor.

5. The Plaintiff asserts that the Defendant may have committed other acts or omissions that would constitute grounds for the denial of her discharge which may be disclosed through discovery in this proceeding.

6. Based upon the foregoing, Plaintiff alleges that the debtor:

a. with intent to hinder, delay or defraud a creditor or the trustee, transferred, removed, destroyed and/or concealed property of the estate within one year of filing the petition and/or after filing the petition;

b. has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information from which the debtor's financial condition might be ascertained;

c. knowingly and/or fraudulently: made a false oath; presented a false claim; gave, offered, received or attempted to obtain money, property or advantage; withheld from the trustee information, documents, records or papers relating to the debtor's financial condition;

d. failed to explain satisfactorily a loss of assets or deficiency of assets to meet liabilities;

e. previously filed a Voluntary Petition under Chapter 13 that was dismissed for non-payment;

f. had an unlisted sale of business for in excess of $375,000.00;

g. used approximately $25,000.00 of the proceeds from the sale of business to pay down her mortgage, which payment was not disclosed in her Statement of Financial Affairs;

h. used approximately $25,000.00 of the proceeds from the sale of business to pay personal loans;

Wherefore, the Plaintiff request that the Debtor's discharge be denied pursuant to the provisions of §§727(a)(2), (a)(3), (a)(4), and (a)(5) of the Bankruptcy Code, and grant to the Plaintiff his costs herein.

Dated this 11th day of March, 2010.

                                                                                  /s/ Gordon P. Jones
Gordon P. Jones
Florida Bar No.: 829439
Post Office Box 600459
Jacksonville, FL 32260-0459
(904) 262-7373
Attorney for Plaintiff

[3F0180] [Order as to Preparation]

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                          Case No. 3-10-bk-788
                                                Chapter 7
Lindsay Monica Navin


_____Debtor(s)_____/
                                                Adv. No. 3:10-ap-00107-JAF


Gordon P. Jones As Trustee
_____Plaintiff(s)_____/
vs.
Lindsay Monica Navin
_____Defendant(s)_____/


### ORDER AS TO PREPARATION, SERVICE, AND RETURN OF PROCESS AND ESTABLISHING MOTION HEARING PROCEDURES


   THIS adversary proceeding before the court for consideration requires swift and efficient prosecution. It is, therefore,

   ORDERED as follows:

   1. Counsel shall prepare all process and present it to the clerk for certification.

   2. The Plaintiff shall serve any summons issued by the clerk within the fourteen (14) day period required by Fed. R. B. P. 7004(e). Notwithstanding the provisions of Fed. R. Civ. P. 4(m), the Plaintiff shall effect service of process on all defendants and file returns of service on or before 60 days from the date the complaint was filed, failing which the proceeding shall be subject to dismissal for lack of prosecution.

   3. When service of process has been effected but no appearance or response is made within the time and manner provided by Fed. R. B. P. 7012, the party effecting service shall promptly apply to the clerk for entry of a default and shall then proceed without delay to move for a judgment by default, all pursuant to Fed. R. B. P. 7055, failing which the proceeding shall be subject to dismissal 60 days after such service.

   4. Any motion for an extension of time to effect service or to apply for the entry of default and judgment by default shall be filed before the expiration of the 60-day period and shall state good cause for such relief.

   5. All written motions filed in this proceeding (including motions for summary judgment, but excluding motions to withdraw the reference as to which Local Rule 5011-1 applies) will be heard and determined on the papers and without hearing or oral argument unless specifically ordered by the Court.

Accordingly:

      a. All motions shall include or be accompanied by a legal memorandum or brief containing argument and citations of authorities.

      b. No later than fifteen (15) days from the date of service of a motion, each party opposing the motion shall file and serve a legal memorandum or brief containing argument and citations of authorities in opposition to the relief

requested. In the event no such response is filed, the court may deem the motion as unopposed and thereby consented. The parties should not expect the Court to conduct a hearing prior to ruling on any pending motions.

    c. No later than five (5) days from the date of service of the opposing legal memorandum, the movant may file and serve a reply legal memorandum or brief, if desired.

    d. Upon the completion of this schedule, the motion will be at issue, under advisement, and ready for decision by the court.

    e. Motions of any emergency nature may be considered and determined by the court at any time in its discretion.

    f. When a proceeding is removed to this court with pending motions on which briefs or legal memoranda have not been submitted, the moving party shall file and serve a supporting brief within fifteen (15) days after the removal. The party or parties opposing the motion shall then comply with subparagraph (b) above within 15 days of the date of service of the movant's brief, and the motion hearing procedure set forth in this paragraph shall then otherwise apply.

    g. With regard to consideration and hearing of applications for temporary restraining order and motions for preliminary injunction, the parties shall comply with the provisions of Rules 4.05 and 4.06 of the Local Rules of the United States District Court for the Middle District of Florida. In addition to addressing the traditional standards for preliminary injunctive relief that are stated in the district court's local rules, the parties may also be required to address the modified version of these traditional standards employed by bankruptcy courts as stated in cases such as Otero Mills, Inc. v. Security Bank & Trust, 25 Bankr. 1018, 1021 (D. N.M. 1982), as the facts may dictate.

    6. The Plaintiff shall include a copy of this order with the summons and complaint to be served upon each defendant or otherwise serve a copy upon each defendant in accordance with the provision of Fed. R. B. P. 7005 and shall promptly file a certificate of such service or include the certificate in the returns of service of the summons and complaint. If additional parties are joined in the future, the Plaintiff shall serve a copy of this order on such additional parties and certify such service at the time they are added. If this proceeding is removed to this court pursuant to 28 U.S.C. §§ 1452, the removing party shall have the duty imposed in this paragraph 6 to serve copies of this order on the other parties.

    7. Pursuant to Fed. R. B. P. 7026, Fed. R. Civ. P. 26(f), and Local Rule 7026-1, a status conference shall be held by the Court as soon as is practicable to allow the parties to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement of the case, to make or arrange for mandatory disclosure as provided for in Fed. R. Civ. P. 26(a), and to present the proposed discovery plan. The proposed discovery plan need not be in writing or filed with the Court unless otherwise ordered by the Court. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging and being present or represented at the status conference and for attempting in good faith to agree on the proposed discovery plan. Pursuant to Fed. R. Civ. P. 26(d), no discovery may be sought before the status conference is held.

DATED on March 12, 2010

                                                    Jerry A. Funk
                                                    United States Bankruptcy Judge

Copies furnished to:
plaintiff and defendant